Allread, J.
This is a proceeding in error from the action of the probate court dismissing the proceedings on appeal in a ditch case on the question of compensation and damages.
The record and transcript of the joint board of commissioners filed with the probate judge as the foundation of the appeal, shows that on January 1, 1906,. a petition for a ditch upon certain route and termini therein described, and signed by certain land owners, was filed with the auditor of Darke county, Ohio. It does not appear from the petition itself to have been addressed to the joint boards of Darke, Miami and Shelby counties, but the auditor so entitled the proceedings, and the 'commissioners so recognized it.
On 'February 1, 1906, the day set by the auditor, the commissioners of Darke county and Miami county attended, and adjourned to March 12, when the three boards met and granted the prayer of the petition and fixed June 15 to hear the engineer’s report, and also adjourned to April 5, to complete their findings on the ditch. On April 5, the boards made a *146 formal finding, establishing the ditch and certain laterals. They further found that the bridge and culvert where the railway crosses the ditch was not of sufficient capacity and an obstruction, and that its enlargement was necessary. Proceedings were adjourned to June 1, and the engineer ordered, in the meantime, to make a survey, plat, plans, etc., for the railway bridge and report. On June 1, the engineer presented his report as to the culvert and bridge. The railway company being represented by counsel, a hearing was had, and the commissioners reiterated their- previous findings as to the bridge, and ordered the railway company to remove the middle pier of the bridge at their own expense within- three months, and upon their failure it was provided that the joint board should proceed to do so at the .railway company’s expense. The further hearing of the ditch improvement was then adjourned to June 15, on which date the joint board met pursuant to adjournment, and certain motions were presented by the railway company and overruled. Another adjournment was then had to June 24, upon the ground that the engineer did not have the assessment ready.
On June 24, a claim for damages on behalf of the railway company was filed and presented to the joint board. This claim was refused, and an appeal was thereupon taken to the probate court, where, upon motion of the commissioners, the cause and proceedings were dismissed. The force and effect of the final entry and order in the joróbate court, was to deny the railway company a hearing upon appeal. There was nothing joending in the probate court but the claim for compensation and damages, and it is, therefore, not material whether the order made by the probate court be considered a dismissal of the apjoeal or a dismissal of the proceedings, as it amounted in either case to a denial of a hearing of the claim upon appeal.
Whether the probate court erred in doing this depends upon whether the railway company filed its claim.for compensation and damages within the statutory time.
The question of the limitation of the time for filing applications for eonrpensation and damages in ditch cases, has been a subject of uncertainty and confusion ever since the jDassage of the act of April 19, 1894 (O. L., 160).
*147 Previous to the act of 1894, upon the filing of a petition for a ditch, the county commissioners went upon the line of the ditch and determined from view as to the necessity for the ditch. If they found in favor of the ditch, they appointed an engineer and ordered him to go upon the line of the ditch, mark it, and make out and present plans, specifications and profiles, and also an assessment. "When this was returned, a day of hearing was fixed and notice given to the land owners. Section 4460 then provided that applications for compensation and damages should be filed and presented to the commissioners on or before the day so fixed. There was no ambiguity in the law as it then, stood. The land owner was afforded a reasonable and fair opportunity to present his claim, and upon failing to do so he was barred (Cupp v. The Commissioners of Seneca County., 19 O. S., 178). At the time so fixed for the hearing upon the ditch and the filing of claims for compensation and damages the ditch had been actually located, marked out, and plans and profiles and specifications were on file in the commissioner’s office. By the act of 1894 the procedure was radically changed. Upon the filing of a ditch petition, under the latter act, the auditor was required to fix a day when the commissioners would meet at the head of the ditch after notice to all parties interested, and proceed to the preliminary hearing as to whether the ditch was necessary, etc., and they were authorized tp'adjourn from day to day until the hearing was completed and the report and finding made. Then the engineer Avas ordered to make out .his plans, assessments, etc., and a second day for hearing upon the assessment was provided for.
In the act of 1894, Section 4460 was amended so as to provide that the land OAvner might file his claim for compensation and damages at any time before the day set for hearing, as provided in Section 4452. The uncertainty in the construction of this act arises from the fact that there are two days of hearing referred to in Section 4452. One is the hearing upon the petition, which has been heretofore referred to, and the other arises by the following provision of the conclusion of the section, to-wit:
*148 “In case the commissioners find for the'improvement, they shall fix a day for hearing of application for compensation and damages. ’ ’
It is contended by the commissioners that the proper interpretation of Section 4460 is, that the applications for compensation and damages shall be filed on or before the day set for hearing upon the petition; while the plaintiff in error contends that such applications may be filed on or before the day fixed specially for hearings upon claims of that kind. In determining as to the construction to be given to Section 4460, it must be remembered that the right of the land owner to compensation and damages is one favored by the Constitution and calls for such an interpretation as would reasonably and fairly preserve, rather than one that tended to destroy, the land owners’ right. A strict and technical interpretation of the language of Section 4460 would point to the holding of the latter day referred to in Section 4452, for that is. the only “day set for hearing” as provided in the section named. The day of hearing on the petition is fixed by Section 4451a and is referred to in Section 4452 simply as the “day so fixed.” However, this is a narrow construction and should not be followed unless it also agrees with the reason and spirit of the statute. A careful consideration of the radical difference in procedure created by the act of 1894 justifies, in the opinion of the court, the conclusion that the Legislature intended the latter date prescribed in Section 4452 as the limitation for the filing of applications for compensation and damages, and not the day set for hearing upon the ditch petition.
To hold that a land owner should file an ajoplication for compensation and damages on or before the first day of the hearing upon the ditch petition is exceedingly unfair. The ditch has not been determined upon, its location has not been defined, nor its width determined, nor the character of the improvement, whether open ditch or tile, and inasmuch as the commissioners are authorized to adjourn from day to day, these facts may not be known to the land owner for many days after the time when his limitation for filing his claim for compensation and damages *149 has expired, if we take the view contended for by the commissioners. The land_ owner may be satisfied to make no claim for compensation and damages if the ditch is tiled, or if it follows a certain line, or if it is only of a certain width, and yet, under the construction contended for, he would be bound to make his application in the beginning, without knowing what his application would cover. If the latter interpretation is correct, then the land owner has a reasonable and fair opportunity to file his claim after the character of the improvement is known.
Jno. C. Clark and A. L. Clark, for plaintiff in error. - :
H. L. Youni and O. B. Krickenberger, for defendants in error.
Under this interpretation of Section 4460, the claim of the railroad company for compensation and damages was filed with the commissioners in due time, and upon its rejection by them the railway company had a right to appeal and to have its claim duly heard. The dismissal of the cause of proceedings in the probate court was therefore error. Judgment reversed.